# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD KWAME GAINES, | |
|    *Petitioner*, | 2:10-cv-01367-RLH-RJJ |
| vs. | ORDER |
| BRIAN WILLIAMS, *et al.*, | |
|    *Respondents.* | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#5) for appointment of counsel and motion (#8) to raise his prison copy credit limit.

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court. Absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). In the present case, taking into account the issues presented and petitioner's demonstrated ability to articulate his requests for relief, the Court does not find that the interests of justice require the appointment of counsel.

1 In relation to petitioner's motion to increase his prison copy credit limit, the Court notes
2 that petitioner did not fully comply with the prior show cause order on the exhaustion issue.
3 The order directed in pertinent part as follows:

> IT FURTHER IS ORDERED that petitioner shall attach with his response copies of all papers filed in the state supreme court that he contends demonstrate that he fairly presented and exhausted his claims in the state supreme court *including, but not necessarily limited to* copies of: (a) all briefs and/or fast track statements accepted for filing on his behalf on direct appeal; and (b) all briefs and/or fast track statements accepted for filing on his behalf on the post-conviction appeal.

#6, at 5 (emphasis added).

Petitioner attached with his show cause response copies of fifteen pages of materials that he relies upon in support of his exhaustion arguments in his show cause response. Petitioner includes, *inter alia*, pages listing the content of the appendix to the fast track statement on his state post-conviction appeal. Petitioner otherwise did not provide, however, copies of: "(a) all briefs and/or fast track statements accepted for filing on his behalf on direct appeal; and (b) all briefs and/or fast track statements accepted for filing on his behalf on the post-conviction appeal." Petitioner does not provide any explanation for why he failed to fully comply with the order to file copies of the foregoing materials. As stated in the prior order, the Court reserved consideration of whether Grounds 11, 16-18, and 24 were fully exhausted pending review of the foregoing materials. See #6, at 2-4 & 5, lines 4-6.

Out of an abundance of caution, the Court will grant petitioner a one-time $20.00 increase in his copy credit limit and will provide petitioner one more opportunity to comply with the prior order. Petitioner should not expect either that future increases in his copy credit limit will be granted as a matter of course or that the $50.00 that he requested will be authorized. Petitioner's pauper applications in both this action and his civil rights action in No. 2:09-cv-2326-KJD-RJJ reflect that petitioner has had relatively substantial sums – in relation to the credit amount requested – in his inmate account during the pendency of these two cases and that he has spent not insubstantial sums on inmate store purchases. The State has no obligation to in essence fund petitioner's litigation activities while he engages in discretionary

spending in comparable amounts. Just as free persons have to do outside prison walls, petitioner may have to forego some discretionary spending in order to instead cover his litigation expenses. The Court understands that deductions have been made from deposits to petitioner's inmate trust account, but, even after allowing for such deductions, petitioner has spent more than enough money in the inmate store in the recent past to cover the entirety of his accrued copy credit balance. The Court will not consider any further request for a copy credit limit increase in this case that is not accompanied by an up-to-date statement of petitioner's inmate trust account for the prior six months.

IT THEREFORE IS ORDERED that petitioner's motion (#5) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#8) to raise his prison copy credit limit is GRANTED IN PART and DENIED IN PART, such that the Nevada Department of Corrections shall increase petitioner's copy credit limit by twenty dollars ($20.00).

IT FURTHER IS ORDERED that, within forty-five (45) days of entry of this order, petitioner shall fully comply with the Court's prior order and shall mail to the Clerk for filing a supplemental exhibit with copies of the following: (a) all briefs and/or fast track statements accepted for filing on his behalf on direct appeal; and (b) all briefs and/or fast track statements accepted for filing on his behalf on the post-conviction appeal. This action will be dismissed without further advance notice for noncompliance with the Court's orders if petitioner again fails to both fully and timely comply.

The Clerk further shall send a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

DATED:  March 11, 2011.

_____
ROGER L. HUNT
Chief United States District Judge