1
2
3
4
5
6

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7
8
9    RONALD KWAME GAINES,

10        *Petitioner*,                                    2:10-cv-01367-RLH-RJJ

11
     vs.                                                   ORDER
12

13   BRIAN WILLIAMS, *et al.*,

14        *Respondents*.

15

16        This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua*

17   *sponte* inquiry into whether a large number claims in the petition are unexhausted as well as

18   on petitioner's motion (#16) for a free copy of a docket sheet, second motion (#17) for

19   appointment of counsel, motion (#18) for clarification of orders, and petition (#19) for a writ

20   of mandamus. The 172-page federal habeas petition in this matter seeks to raise 30 grounds.

21   The prior show-cause order directed petitioner to demonstrate why 25 of these 30 grounds

22   should not be held to be unexhausted.

                                        ***Exhaustion***

24        The prior order directed petitioner to show cause why the petition is not subject to

25   dismissal as a mixed petition because Grounds 1-10, 12-15, 19-23 and 25-30 were not fairly

26   presented to and exhausted in the Supreme Court of Nevada either on direct appeal or state

27   post-conviction review. The Court refers to the procedural history and statement of the

28   governing law in the show-cause order (#6).

1       Petitioner contends, first, that the claims were fairly presented to the state supreme

2  court because his state petition, which allegedly included the claims, was included as a record

3  exhibit in the appendix submitted with the fast track statement on the post-conviction appeal.

4       Petitioner's reliance upon the inclusion of the petition as a record exhibit in the appeal

5  appendix is misplaced, for three reasons.

6       First, the fast track statement on the post-conviction appeal did not incorporate claims

7  in the *pro se* state petition by reference.  The fast track statement instead presented only the

8  selected claims argued therein.[1]

9       Second, under Nevada state practice, petitioner could not incorporate claims from

10  materials in the appendix into the fast track statement even if counsel had attempted to do

11  so, which he did not.  Under Rule 28(e)(2) of the Nevada Rules of Appellate Procedure

12  (NRAP), parties may not incorporate briefs or memoranda filed in the state district court for

13  argument on the merits of an appeal.

14       Third, the provisions of NRAP 30(b)(2)(A) and (3) require the inclusion of the district

15  court pleadings in the appendix as a matter of course.  The mere presence of a pleading in

16  an appendix on a Nevada appeal without any corresponding assertion of a particular claim

17  in the body of the appellate briefing thus does not imply, in and of itself, an election by the

18  appellant to present any particular claim to the state supreme court.  Rather, the pleadings

19  are present in the appendix simply because that is what Nevada appellate rules require.

20       Generally, in order to fairly present a claim to a state appellate court, a petitioner must

21  present the claim to the court within the four corners of his appellate briefing.  *E.g., Castillo*

22  *v. McFadden*, 399 F.3d 993, 1000 & 1002 n.4 (9th Cir. 2005); *see also Baldwin v. Reese*, 541

23  U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)("We . . . hold that ordinarily a state

24  prisoner does not 'fairly present' a claim to a state court if that court must read beyond a

25  petition or a brief (or a similar document) that does not alert it to the presence of a federal

26  claim in order to find material, such as a lower court opinion in the case, that does so.").

27

28       [1]#12, Ex. B, at electronic docketing pages 46-56.

1    In the present case, the mere presence of the state petition in the record appendix

2    clearly did not place the Supreme Court of Nevada on notice that any and all claims

3    *arguendo* contained therein were presented on the appeal.  The petition was included in the

4    appendix because Nevada appellate rules required that it be included, and incorporation from

5    the state district court filing into the fast track statement further was barred under Nevada

6    appellate rules even if it had been attempted, which it was not.

7    The Court therefore is not persuaded that the mere presence of the state district court

8    pleadings in the appendix as required by the Nevada Rules of Appellate Procedure fairly

9    presented any claim that – *arguendo* – was contained therein to the Supreme Court of

10   Nevada.[2]

11   Petitioner contends, second, that a rejected June 2010 *pro se* submission styled as a

12   "Judicial Notice" in the represented appeal fairly presented the unexhausted claims to the

13   Supreme Court of Nevada.  He further relies in this regard upon a February 17, 2010, letter

14   from his state post-conviction appeal counsel to him.

15   A letter sent by a lawyer to a client of course does not present any claim to any court.[3]

16   Petitioner suggests that counsel's February 17, 2010, letter establishes that the state supreme

17   court's fast track appeal procedure "limits the issues that can be raised and the number of

18   citations that can be included due to the pages limit."[4]  However, NRAP 3C(e)(1)(B) of the

19   expressly allows an appellant to request a court order authorizing the appellant to exceed the

20   page limit for a fast track statement.  The fast track appeal rules otherwise limit neither the

21   number of issues that may be raised nor the number of cases that may be cited.  Petitioner

22   has not shown that his counsel requested leave to exceed the fast track page limit in order

23   to raise more claims and was denied such leave.  Any limitation upon the number of claims

24

25

26   [2]*See also Ingebretsen v. Palmer*, 2009 WL 4823382, at *2 (D. Nev., Dec. 10, 2009)(distinguishing Ninth Circuit authority).

27   [3]See #7, Ex. C, at electronic docketing page 12 (February 17, 2010, letter).

28   [4]#7, at 2.

-3-

1   raised and citations presented in the fast track statement thus appears to reflect a decision

2   by counsel as to what claims to present and how to present them.  No rule or order by the

3   Supreme Court of Nevada required counsel to raise only the claims raised in the fast track

4   statement.[5]   A lawyer's statements in a letter of course do not establish what Nevada

5   appellate rules in fact provide.

6          With regard to the June 2010 attempted *pro se* submission, the Supreme Court of

7   Nevada clearly and expressly denied petitioner leave – well prior to the attempted *pro*

8   *se* submission – to file *pro se* submissions on the represented appeal.  On January 7, 2010,

9   the state supreme court directed its clerk to "return, unfiled, any future proper person

10   documents submitted in this matter."[6] Consistent with this directive, petitioner's attempted *pro*

11   *se* "Judicial Notice" was stamped "received" and "returned unfiled" on June 28, 2010.  The

12   improper *pro se* submission was not accepted for filing.[7]

13          Even on a direct appeal in the underlying criminal case, a represented defendant has

14   no right to have *pro se* filings considered because a criminal defendant has no constitutional

15   right to both self-representation and the assistance of counsel in the same proceeding.

16   *See,e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir.1987); *United States v.*

17   *Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981).  Moreover, a criminal defendant *has* no right of

18   self-representation on direct appeal in the first instance.  *Martinez v. Court of Appeal of*

19   *California*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).  And, even on direct appeal,

20

21          [5]Counsel purportedly stated in the February 17, 2010, letter that he attempted to file an errata to the
    fast track statement to include additional "federalized" allegations but the state supreme court rejected the
22   filing.  He further stated that to amend the fast track statement required leave of court.  The online docket
    record for the appeal (see http://caseinfo.nvsupremecourt.us/public/caseSearch.do) in question, No. 54890,
23   does not reflect any rejected attempt either to file an errata or to amend the fast track statement.  The fast
    track statement was filed on January 11, 2010, and counsel's letter is only approximately five weeks later.  In
24   all events, no rule or order by the state supreme court restricted the number of claims raised initially in the
    fast track statement.

25
          [6]See #7, Ex. B, at electronic docketing page 10.  See also *id.*, at electronic docketing page 9 (denying
26   *pro se* motion for substitute counsel because, contrary to counsel's belief that he was appointed only for the
    district court proceedings, the court's rules required that the counsel in the district court proceedings continue
27   as counsel on the appeal).

28          [7]#7, Ex. E, at electronic docketing page 19.

1  a defendant does not have a constitutional right to have appointed appellate counsel present

2  every nonfrivolous issue requested by the defendant.  *See Jones v. Barnes*, 463 U.S. 745,

3  103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  Appellate counsel instead is expected to exercise

4  independent professional judgement in selecting the issues to pursue on appeal.  *Id.*

5  The conclusions accordingly follow with even greater force that a state habeas

6  petitioner has no right to present *pro se* filings on a represented post-conviction appeal and

7  that a state habeas petitioner has no right to have state post-conviction appellate counsel

8  present every nonfrivolous issue that he requests.  The Supreme Court of Nevada clearly and

9  expressly rejected petitioner's efforts nonetheless to present claims via *pro se* submissions

10  on the state post-conviction appeal.   It is established law that presenting a claim in a

11  procedural context in which the merits of the claim will not be considered, or will be

12  considered only in special circumstances, does not constitute fair presentation of the claim.

13  *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380

14  (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Here, petitioner sought to

15  present the unexhausted claims in a procedural context – a *pro se* submission on a

16  represented appeal – where the submission would not even be accepted for filing, much less

17  considered on the merits.  The improper *pro se* submission did not fairly present any claim

18  to the Supreme Court of Nevada.

19  Petitioner thereafter did not pursue the unexhausted claims in a procedural context in

20  which the merits of the claims potentially would be considered by the Supreme Court and

21  seek to argue therein cause and prejudice to overcome any claimed procedural default.

22  The Court accordingly is not persuaded by petitioner's argument.  The attempted *pro*

23  *se* assertion of a claim on a represented appeal in a *pro se* submission that is not accepted

24  for filing and considered by the Supreme Court of Nevada -- under well-established

25  procedures applicable on both state and federal appeals -- does not exhaust any claim.

26  Petitioner urges, however, third, that any further effort to exhaust the unexhausted

27  claims would be procedurally barred in the Nevada state courts.

28  / / / /

1    In this regard, the Court notes that the standards for excusing a procedural default are

2    substantially the same in Nevada state court as they are in federal court.  Accordingly, this

3    Court does not hold claims to be exhausted on this basis in the absence of an unequivocal

4    stipulation by the petitioner that the unexhausted claims in fact would be denied on state

5    procedural grounds if he returned to state court to present the claims.  Such an unequivocal

6    stipulation, to in truth be unequivocal in light of the application of the procedural default rules

7    under Nevada state post-conviction procedure, must include concessions: (1) that petitioner

8    cannot avoid dismissal of the claims in the state courts because he cannot demonstrate

9    cause and prejudice in the state courts to overcome the state procedural bars;[8] (2) that

10   petitioner cannot avoid dismissal of the claims in the state courts because he cannot

11   demonstrate in the state courts that the alleged constitutional violation has probably resulted

12   in the conviction of one who is actually innocent and cannot thereby overcome these

13   procedural bars;[9] and (3) that the procedural bars otherwise are now consistently applied by

14   the Nevada state courts, such that it is not possible that the state courts, as a discretionary

15   matter, would consider the claims despite the procedural default and despite a failure to

16   demonstrate either cause and prejudice or actual innocence.

17       In the absence of such concessions, the Court will not hold that there is no possibility

18   that the unexhausted claims would be considered by the state courts.[10]  In the presence of

19   such concessions, the Court will dismiss the claims instead with prejudice on the basis of

20   procedural default.

21

22       [8]*See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an
23   untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360
     F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal
24   cause and prejudice analysis are nearly identical).

25       [9]*See,e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to
     overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner
26   can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually
     innocent," *citing  Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).
27

28       [10]*Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir., Apr. 2, 2009)(in an unpublished disposition,
     holding that the petitioner had not established futility of exhaustion given the substantial similarity of Nevada
     state and federal standards to overcome a procedural bar).

1    The Court accordingly is not persuaded, on the showing made, that the claims are

2  exhausted on the premise that they are procedurally defaulted.

3    The Court therefore holds that Grounds 1-10, 12-15, 19-23 and 25-30 are not

4  exhausted.

5                                        ***Remaining Matters***

6    The motion (#16) for a free copy of a docket sheet will be denied.  Petitioner has not

7  been granted pauper status in this case, and he instead has paid the filing fee.  #6, at 1.

8  Petitioner therefore must pay the normal charges required to obtain a copy of a docket sheet

9  as any other litigant who has not been granted pauper status.  The Court previously has noted

10  that petitioner's financial records have demonstrated that petitioner has had relatively

11  substantial sums – in relation to the charges for a copy of a docket sheet – in his inmate

12  account during the pendency of his cases and that he has spent not insubstantial sums on

13  inmate store purchases.  See #11, at 2-3.  The non-pauper petitioner must pay his litigation

14  expenses just as a free person does outside prison walls.  Neither the federal government nor

15  the state government is required to fund his litigation activities.  If petitioner keeps his address

16  up to date with the Clerk, he will receive notice of all documents filed.

17    The second motion (#17) for appointment of counsel will be denied for the reasons

18  assigned in denying the first such motion.  See #11, at 1.  The Court's delay in reaching this

19  matter on its docket since the filing of additional record exhibits does not provide a basis for

20  appointment of counsel.  The fact that petitioner was appointed counsel in the state post-

21  conviction proceedings does not lead to a conclusion that he also must be appointed federal

22  habeas counsel.

23    The motion (#18) for clarification of orders, *inter alia*, questions the Court's authority

24  to consider lack of exhaustion *sua sponte* and the delay in resolving the inquiry.  The Court's

25  authority to consider lack of exhaustion – as well as untimeliness and procedural default – *sua*

26  *sponte* is well-established.  *See,e.g., Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S.Ct.

27  1671, 1675,  95 L.Ed.2d 119 (1987).  Petitioner's payment of the $5.00 filing fee allows the

28  matter to proceed to screening.  It does not give the habeas petitioner an unqualified right to

1  have his case served on the respondents for a response without potentially substantial

2  screening as warranted in the particular case.  A large proportion of habeas cases are fully

3  adjudicated during screening without service for a response.  Although the Court strives to

4  resolve all matters as promptly as possible, the delays associated with reaching and resolving

5  screening issues on limited occasion may be as lengthy as those associated with a pending

6  motion to dismiss.

7      The petition (#19) for a writ of mandamus appears to be directed to the Court of

8  Appeals, but, solely to the extent that the filing is directed to this Court, it will be denied as

9  moot *qua* a submission to the district court following upon entry of this order.

10     Petitioner further should note that a letter is not a motion, and a letter therefore will not

11  result in action being taken by the Court or Clerk.  Only motions present a cognizable request

12  for relief to the Court, and neither the Court nor the Clerk corresponds with litigants.  As the

13  delay in reaching this matter reflects, the Court has a heavy habeas docket.  It reaches

14  matters as promptly as it is able.

15     IT THEREFORE IS ORDERED that, considering the foregoing, the Court holds that

16  Grounds 1-10, 12-15, 19-23 and 25-30 (the "unexhausted claims") are not exhausted.

17     IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this

18  order within which to mail to the Clerk for filing a motion for dismissal without prejudice of the

19  entire petition, for partial dismissal only of the unexhausted claims, and/or for other

20  appropriate relief.

21     IT FURTHER IS ORDERED that petitioner's motion (#16) for a free copy of a docket

22  sheet, second motion (#17) for appointment of counsel, and motion (#18) for clarification of

23  orders are DENIED.

24     IT FURTHER IS ORDERED that petitioner's petition (#19) for a writ of mandamus,

25  solely to the extent presented to and docketed as a submission for action by the district court,

26  is DENIED as moot, with deference to and subject to any action taken by the Court of Appeals

27  on any submission filed in that court.

28     / / / /

The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED:  April 10, 2012.

_____
ROGER L. HUNT
United States District Judge