# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-01367-RLH-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether a large number claims in the petition are unexhausted as well as on petitioner's motion (#16) for a free copy of a docket sheet, second motion (#17) for appointment of counsel, motion (#18) for clarification of orders, and petition (#19) for a writ of mandamus. The 172-page federal habeas petition in this matter seeks to raise 30 grounds. The prior show-cause order directed petitioner to demonstrate why 25 of these 30 grounds should not be held to be unexhausted.

### *Exhaustion*

The prior order directed petitioner to show cause why the petition is not subject to dismissal as a mixed petition because Grounds 1-10, 12-15, 19-23 and 25-30 were not fairly presented to and exhausted in the Supreme Court of Nevada either on direct appeal or state post-conviction review. The Court refers to the procedural history and statement of the governing law in the show-cause order (#6).

Petitioner contends, first, that the claims were fairly presented to the state supreme court because his state petition, which allegedly included the claims, was included as a record exhibit in the appendix submitted with the fast track statement on the post-conviction appeal.

Petitioner's reliance upon the inclusion of the petition as a record exhibit in the appeal appendix is misplaced, for three reasons.

First, the fast track statement on the post-conviction appeal did not incorporate claims in the *pro se* state petition by reference. The fast track statement instead presented only the selected claims argued therein.[1]

Second, under Nevada state practice, petitioner could not incorporate claims from materials in the appendix into the fast track statement even if counsel had attempted to do so, which he did not. Under Rule 28(e)(2) of the Nevada Rules of Appellate Procedure (NRAP), parties may not incorporate briefs or memoranda filed in the state district court for argument on the merits of an appeal.

Third, the provisions of NRAP 30(b)(2)(A) and (3) require the inclusion of the district court pleadings in the appendix as a matter of course. The mere presence of a pleading in an appendix on a Nevada appeal without any corresponding assertion of a particular claim in the body of the appellate briefing thus does not imply, in and of itself, an election by the appellant to present any particular claim to the state supreme court. Rather, the pleadings are present in the appendix simply because that is what Nevada appellate rules require.

Generally, in order to fairly present a claim to a state appellate court, a petitioner must present the claim to the court within the four corners of his appellate briefing. *E.g., Castillo v. McFadden*, 399 F.3d 993, 1000 & 1002 n.4 (9th Cir. 2005); *see also Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)("We . . . hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

---

[1] #12, Ex. B, at electronic docketing pages 46-56.

In the present case, the mere presence of the state petition in the record appendix clearly did not place the Supreme Court of Nevada on notice that any and all claims *arguendo* contained therein were presented on the appeal. The petition was included in the appendix because Nevada appellate rules required that it be included, and incorporation from the state district court filing into the fast track statement further was barred under Nevada appellate rules even if it had been attempted, which it was not.

The Court therefore is not persuaded that the mere presence of the state district court pleadings in the appendix as required by the Nevada Rules of Appellate Procedure fairly presented any claim that – *arguendo* – was contained therein to the Supreme Court of Nevada.[2]

Petitioner contends, second, that a rejected June 2010 *pro se* submission styled as a "Judicial Notice" in the represented appeal fairly presented the unexhausted claims to the Supreme Court of Nevada. He further relies in this regard upon a February 17, 2010, letter from his state post-conviction appeal counsel to him.

A letter sent by a lawyer to a client of course does not present any claim to any court.[3] Petitioner suggests that counsel's February 17, 2010, letter establishes that the state supreme court's fast track appeal procedure "limits the issues that can be raised and the number of citations that can be included due to the pages limit."[4] However, NRAP 3C(e)(1)(B) of the expressly allows an appellant to request a court order authorizing the appellant to exceed the page limit for a fast track statement. The fast track appeal rules otherwise limit neither the number of issues that may be raised nor the number of cases that may be cited. Petitioner has not shown that his counsel requested leave to exceed the fast track page limit in order to raise more claims and was denied such leave. Any limitation upon the number of claims

---

[2] *See also Ingebretsen v. Palmer*, 2009 WL 4823382, at *2 (D. Nev., Dec. 10, 2009)(distinguishing Ninth Circuit authority).

[3] See #7, Ex. C, at electronic docketing page 12 (February 17, 2010, letter).

[4] #7, at 2.

raised and citations presented in the fast track statement thus appears to reflect a decision by counsel as to what claims to present and how to present them. No rule or order by the Supreme Court of Nevada required counsel to raise only the claims raised in the fast track statement.[5] A lawyer's statements in a letter of course do not establish what Nevada appellate rules in fact provide.

With regard to the June 2010 attempted *pro se* submission, the Supreme Court of Nevada clearly and expressly denied petitioner leave – well prior to the attempted *pro se* submission – to file *pro se* submissions on the represented appeal. On January 7, 2010, the state supreme court directed its clerk to "return, unfiled, any future proper person documents submitted in this matter."[6] Consistent with this directive, petitioner's attempted *pro se* "Judicial Notice" was stamped "received" and "returned unfiled" on June 28, 2010. The improper *pro se* submission was not accepted for filing.[7]

Even on a direct appeal in the underlying criminal case, a represented defendant has no right to have *pro se* filings considered because a criminal defendant has no constitutional right to both self-representation and the assistance of counsel in the same proceeding. *See, e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir.1987); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981). Moreover, a criminal defendant *has* no right of self-representation on direct appeal in the first instance. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). And, even on direct appeal,

---

[5] Counsel purportedly stated in the February 17, 2010, letter that he attempted to file an errata to the fast track statement to include additional "federalized" allegations but the state supreme court rejected the filing. He further stated that to amend the fast track statement required leave of court. The online docket record for the appeal (see http://caseinfo.nvsupremecourt.us/public/caseSearch.do) in question, No. 54890, does not reflect any rejected attempt either to file an errata or to amend the fast track statement. The fast track statement was filed on January 11, 2010, and counsel's letter is only approximately five weeks later. In all events, no rule or order by the state supreme court restricted the number of claims raised initially in the fast track statement.

[6] See #7, Ex. B, at electronic docketing page 10. See also *id.*, at electronic docketing page 9 (denying *pro se* motion for substitute counsel because, contrary to counsel's belief that he was appointed only for the district court proceedings, the court's rules required that the counsel in the district court proceedings continue as counsel on the appeal).

[7] #7, Ex. E, at electronic docketing page 19.

a defendant does not have a constitutional right to have appointed appellate counsel present every nonfrivolous issue requested by the defendant.  *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  Appellate counsel instead is expected to exercise independent professional judgement in selecting the issues to pursue on appeal.  *Id.*

The conclusions accordingly follow with even greater force that a state habeas petitioner has no right to present *pro se* filings on a represented post-conviction appeal and that a state habeas petitioner has no right to have state post-conviction appellate counsel present every nonfrivolous issue that he requests.  The Supreme Court of Nevada clearly and expressly rejected petitioner's efforts nonetheless to present claims via *pro se* submissions on the state post-conviction appeal.  It is established law that presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim.  *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Here, petitioner sought to present the unexhausted claims in a procedural context – a *pro se* submission on a represented appeal – where the submission would not even be accepted for filing, much less considered on the merits.  The improper *pro se* submission did not fairly present any claim to the Supreme Court of Nevada.

Petitioner thereafter did not pursue the unexhausted claims in a procedural context in which the merits of the claims potentially would be considered by the Supreme Court and seek to argue therein cause and prejudice to overcome any claimed procedural default.

The Court accordingly is not persuaded by petitioner's argument.  The attempted *pro se* assertion of a claim on a represented appeal in a *pro se* submission that is not accepted for filing and considered by the Supreme Court of Nevada -- under well-established procedures applicable on both state and federal appeals -- does not exhaust any claim.

Petitioner urges, however, third, that any further effort to exhaust the unexhausted claims would be procedurally barred in the Nevada state courts.

////

In this regard, the Court notes that the standards for excusing a procedural default are substantially the same in Nevada state court as they are in federal court.  Accordingly, this Court does not hold claims to be exhausted on this basis in the absence of an unequivocal stipulation by the petitioner that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims.  Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under Nevada state post-conviction procedure, must include concessions: (1) that petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the state procedural bars;[8] (2) that petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars;[9] and (3) that the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

In the absence of such concessions, the Court will not hold that there is no possibility that the unexhausted claims would be considered by the state courts.[10]  In the presence of such concessions, the Court will dismiss the claims instead with prejudice on the basis of procedural default.

---

[8] *See, e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are nearly identical).

[9] *See, e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

[10] *Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir., Apr. 2, 2009)(in an unpublished disposition, holding that the petitioner had not established futility of exhaustion given the substantial similarity of Nevada state and federal standards to overcome a procedural bar).

-6-

The Court accordingly is not persuaded, on the showing made, that the claims are exhausted on the premise that they are procedurally defaulted.

The Court therefore holds that Grounds 1-10, 12-15, 19-23 and 25-30 are not exhausted.

### *Remaining Matters*

The motion (#16) for a free copy of a docket sheet will be denied. Petitioner has not been granted pauper status in this case, and he instead has paid the filing fee. #6, at 1. Petitioner therefore must pay the normal charges required to obtain a copy of a docket sheet as any other litigant who has not been granted pauper status. The Court previously has noted that petitioner's financial records have demonstrated that petitioner has had relatively substantial sums – in relation to the charges for a copy of a docket sheet – in his inmate account during the pendency of his cases and that he has spent not insubstantial sums on inmate store purchases. See #11, at 2-3. The non-pauper petitioner must pay his litigation expenses just as a free person does outside prison walls. Neither the federal government nor the state government is required to fund his litigation activities. If petitioner keeps his address up to date with the Clerk, he will receive notice of all documents filed.

The second motion (#17) for appointment of counsel will be denied for the reasons assigned in denying the first such motion. See #11, at 1. The Court's delay in reaching this matter on its docket since the filing of additional record exhibits does not provide a basis for appointment of counsel. The fact that petitioner was appointed counsel in the state post-conviction proceedings does not lead to a conclusion that he also must be appointed federal habeas counsel.

The motion (#18) for clarification of orders, *inter alia*, questions the Court's authority to consider lack of exhaustion *sua sponte* and the delay in resolving the inquiry. The Court's authority to consider lack of exhaustion – as well as untimeliness and procedural default – *sua sponte* is well-established. *See,e.g., Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). Petitioner's payment of the $5.00 filing fee allows the matter to proceed to screening. It does not give the habeas petitioner an unqualified right to

1  have his case served on the respondents for a response without potentially substantial
2  screening as warranted in the particular case. A large proportion of habeas cases are fully
3  adjudicated during screening without service for a response. Although the Court strives to
4  resolve all matters as promptly as possible, the delays associated with reaching and resolving
5  screening issues on limited occasion may be as lengthy as those associated with a pending
6  motion to dismiss.

7  The petition (#19) for a writ of mandamus appears to be directed to the Court of
8  Appeals, but, solely to the extent that the filing is directed to this Court, it will be denied as
9  moot *qua* a submission to the district court following upon entry of this order.

10  Petitioner further should note that a letter is not a motion, and a letter therefore will not
11  result in action being taken by the Court or Clerk. Only motions present a cognizable request
12  for relief to the Court, and neither the Court nor the Clerk corresponds with litigants. As the
13  delay in reaching this matter reflects, the Court has a heavy habeas docket. It reaches
14  matters as promptly as it is able.

15  IT THEREFORE IS ORDERED that, considering the foregoing, the Court holds that
16  Grounds 1-10, 12-15, 19-23 and 25-30 (the "unexhausted claims") are not exhausted.

17  IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this
18  order within which to mail to the Clerk for filing a motion for dismissal without prejudice of the
19  entire petition, for partial dismissal only of the unexhausted claims, and/or for other
20  appropriate relief.

21  IT FURTHER IS ORDERED that petitioner's motion (#16) for a free copy of a docket
22  sheet, second motion (#17) for appointment of counsel, and motion (#18) for clarification of
23  orders are DENIED.

24  IT FURTHER IS ORDERED that petitioner's petition (#19) for a writ of mandamus,
25  solely to the extent presented to and docketed as a submission for action by the district court,
26  is DENIED as moot, with deference to and subject to any action taken by the Court of Appeals
27  on any submission filed in that court.

28  / / / /

The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED: April 10, 2012.

_____
ROGER L. HUNT
United States District Judge