UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-01367-RLH-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a filing docketed as a motion (#21) for enlargement of time and motion (#22) to "change respondent's name." The filing also requests reconsideration of the Court's holding that Ground 19 is not exhausted.

    At the outset, petitioner may not combine what are in truth multiple motions within a single filing. A motion for extension of time, a motion to substitute party, and a motion for reconsideration all must be presented in separate documents. The Court may strike any future filings that do not comply with this requirement.

    Turning first to the request for reconsideration, the procedural history is outlined in the show-cause order (#6) and petitioner's arguments in the show-cause response are addressed in the most recent order (#20). The Court held that Grounds 1-10, 12-15, 19-23 and 25-30 are not exhausted.

    In federal Ground 19, petitioner alleges that he was denied rights to due process and a fair trial under the Sixth and Fourteenth Amendments because the State allegedly never amended the information to charge him as a habitual criminal. He alleges that he was given

a notice of habitual criminality on March 16, 2006, that he was convicted on April 11, 2006, and that he was sentenced as a habitual criminal June 13, 2006. He alleges that the sentence is illegal and violates due process of law "since it appears that the State never amended the [information] to reflect the appropriate count; or charge of habitual criminal as required by law" and that "neither the record, nor any other documented proof was provided at the time of sentencing to support the amending of the information."[1]

Petitioner now contends that Ground 19 was exhausted on state post-conviction review when the Supreme Court of Nevada addressed a claim that petitioner was denied effective assistance of counsel when trial counsel failed to challenge the district court's decision to adjudicate him as a habitual criminal. He further relies on the "mention" of Ground 19 in Grounds 16 and 17, which grounds the Court has not held to be unexhausted to date on the papers currently presented.[2]

The assertion of a claim of ineffective assistance of counsel does not exhaust an independent substantive claim of trial court error. In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim in order to exhaust the claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with *both* the operative facts *and* the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). A claim of ineffective assistance of counsel for failing to challenge an alleged trial court error is based upon a different legal theory – an alleged denial of effective assistance of counsel under the Sixth Amendment – than an independent substantive claim challenging the trial court error. The presentation of one does not exhaust the other.

---

[1] #3-2, at electronic docketing pages 21-22.

[2] Petitioner asserts that the Court has held that Grounds 11, 16 through 18, and 24 are exhausted. The Court made no such holding. The show cause order instead stated that the grounds "appear – at least on the papers currently presented – to potentially correspond to the state post-conviction claims identified" in the order. See #6, at 2-4.

For the same reason, any *arguendo* reference to state Ground 19 in state Grounds 16 and 17, to the extent *arguendo* that these grounds themselves were exhausted, does not signify that federal Ground 19 is exhausted. State Grounds 16 and 17 presented claims of ineffective assistance of counsel. As discussed above, any *arguendo* exhaustion of these claims of ineffective assistance of counsel in failing to raise a claim of alleged trial court error does not signify that the independent substantive claim of trial court error in Ground 19 itself was exhausted. That is, *arguendo* asserting claims in state Grounds 16 and 17 that trial and appellate counsel were ineffective for failing to raise the independent substantive claim in Ground 19 would exhaust only the ineffective-assistance claims, not the independent substantive claim.

Petitioner's request for reconsideration therefore will be denied.

The Court will extend petitioner's time to request appropriate relief regarding the unexhausted grounds. In responding, petitioner must comply with the directives detailed at the end of this order. In this regard, a request to proceed forward only on certain claims is not sufficient. Petitioner must affirmatively and expressly move for the dismissal of the entire petition, *the dismissal* of the unexhausted claims, and/or for other appropriate relief. Petitioner has had an opportunity to seek reconsideration of the prior order, and petitioner's requested relief with regard to the unexhausted claims now must be clear and unambiguous. Any failure to make a clear and unambiguous request for appropriate relief will result in the entire petition being dismissed pursuant to the default rule under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that a petition with unexhausted claims must be dismissed immediately.

Petitioner's request to in essence substitute Dwight Neven as a respondent will be granted.

IT THEREFORE IS ORDERED that petitioner's request for reconsideration contained within ## 21 & 22 is DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#21) for an enlargement of time is GRANTED IN PART, such that petitioner shall have thirty (30) days from entry of this order

1  within which to mail to the Clerk for filing a motion for dismissal without prejudice of the entire
2  petition, for partial dismissal only of Grounds 1-10, 12-15, 19-23 and 25-30, and/or for other
3  appropriate relief.  Any such motion filed must be filed in a separate motion without combining
4  the request for relief as to the unexhausted grounds with other requests for relief.  If petitioner
5  requests the partial dismissal only of the unexhausted grounds, he: (a) must expressly move
6  for the dismissal of the grounds; and (b) must expressly specify the grounds as to which he
7  moves for dismissal, *i.e.*, expressly stating that he moves for the dismissal of Grounds 1-10,
8  12-15, 19-23 and 25-30.  If petitioner fails to timely present a clear, specific and unambiguous
9  request for appropriate relief in a single motion without other requests for relief, the entire
10 petition will be dismissed without further advance notice.

    IT FURTHER IS ORDERED that petitioner's motion (#22) to "change respondent's name," construed as a motion to substitute party, is GRANTED, such that Dwight Neven shall be substituted for Brian Williams as a respondent herein.

    DATED:  April 30, 2012.

_____
ROGER L. HUNT
United States District Judge

-4-