# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents*.

2:10-cv-01367-RLH-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#24) for partial dismissal of unexhausted claims, second application (#25) to proceed *in forma pauperis*, and third motion (#26) for appointment of counsel, as well as for review under Rule 4 of the Rules Governing Section 2254 Cases.

    The motion seeking dismissal of 25 unexhausted grounds will be granted.

    The third motion for appointment of counsel, which simply is another form motion like the first of the three motions, will be denied for the reasons previously assigned by the Court in denying petitioner's first two motions. #11, at 1-2; #20, at 7. The Court has fully considered the matter of appointment of counsel, and it has ruled on the issue now three times. The Court will not appoint counsel herein.

    The second pauper application appears to have been submitted in connection with the third motion for appointment of counsel. The Court is not appointing counsel herein, so the application is in that regard moot. The second application – like the first application – otherwise is moot at this juncture given that petitioner paid the filing fee previously. See #6.

Following review under Rule 4, the Court will direct a response to the remaining claims in the petition.  **Respondents should note the following in responding**.

*First*, a response is being directed only as to Grounds 11, 16 through 18, and 24.  All other grounds have been dismissed for lack of exhaustion.

*Second*, the pages in each ground in the present petition are presented out of order.  As backdrop, in the Court's required petition form, the first page of each ground begins with a page that starts with "State concisely every ground . . . ."  Each ground ends with a page containing the exhaustion inquiries.  Petitioner essentially has transposed this order.  He *begins* each ground with the last exhaustion-inquiry page and he *ends* each ground with what is the first page for a ground in the petition form.  Between these pages, he has inserted pages that appear on initial review to have been copied from state filings.

At this juncture in the case, the Court is not inclined to direct the filing of an amended petition correcting this particular deficiency.  Once oriented to petitioner's awkward page order, it is as efficient and expedient at this point simply to move on to a resolution of outcome determinative issues.

*Third*, in screening review, the Court has disregarded allegations seeking to incorporate other documents from outside the petition.  On this issue as well, the Court is not inclined to direct the filing of an amended petition removing these references, which appear in the main to not add substance to otherwise factually specific allegations in the grounds.  Again, it is as efficient and expedient at this point simply to move on to a resolution of outcome determinative issues without tarrying over pleading technicalities that would lead only to further pleadings and further screening.

IT THEREFORE IS ORDERED that petitioner's motion (#24) for partial dismissal is GRANTED and that Grounds 1 through 10, 12 through 15, 19 through 23, and 25 through 30 are DISMISSED without prejudice for lack of exhaustion.

IT FURTHER IS ORDERED that petitioner's third motion (#26) for appointment of counsel is DENIED and that petitioner's second application (#25) to proceed *in forma pauperis* is DENIED without prejudice as moot.

IT FURTHER IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond, including potentially by motion to dismiss, to Grounds 11, 16 through 18 and 24 **only** in the petition (#3).  **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, at the same time as their initial response, and without regard to whether the initial response is a motion to dismiss or instead an answer, respondents shall file a single set of state record exhibits relevant to the remaining grounds in the petition, in **chronological** order and indexed as discussed, *infra*, which shall include but not necessarily be limited to copies of all of the following:

      (a)    the minutes in the justice court and district court proceedings;

(b)  all charging instruments, including amendments thereto,

(c)  any additional notices of intention to seek habitual criminal adjudication filed or given by the State;

(d)  if previously prepared, the trial transcript, excepting the voir dire except as to any portions of the voir dire transcript containing material argument or discussion related to issues raised in the petition, but including the closing arguments;

(e)  the jury instructions requested and given, and any previously transcribed on-record discussion of the jury charges, if not included in (d) above;

(f)  any pre-judgment submissions by the parties in the state district court regarding habitual criminal adjudication and/or sentencing;

(g)  if previously prepared, the transcript of the habitual criminal adjudication and/or sentencing;

(h)  the judgment of conviction and any amendments thereto;

(i)  any orders of the state district court and/or state supreme court pertaining to requested withdrawal of trial counsel and/or representation of trial counsel on direct appeal;

(j)  the briefing and/or fast-track statements on direct appeal;

(k)  the order of affirmance on direct appeal;

(l)  the state post-conviction petition, supplement, and any other papers filed in the state district court presenting claims on post-conviction review;

(m)  the state district court's decision on post-conviction review;

(n)  the parties' briefing accepted for filing on the post-conviction appeal;

(o)  the decision of the Supreme Court of Nevada on post-conviction review;

(p)  any petitions for rehearing and briefing thereon accepted for filing, all orders resolving same, and the remittitur issued; and

(q)  any subsequent proceedings pursuing claims related to those herein, such as further challenges to the habitual criminal adjudication.

IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71.  The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.  In short, counsel shall not file exhibits in a manner that requires this Court or a reviewing court to go "fishing" through multiple unmarked attachments to find specific exhibits.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Las Vegas Clerk's Office**.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.

Any requests for extension of time based upon scheduling conflicts between this case and other cases in this district generally should be sought in the later-filed case.

DATED: May 29, 2012.

_____
ROGER L. HUNT
United States District Judge