# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:10-cv-01367-RLH-NJK

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#30) to dismiss. Respondents contend that: (a) Ground 18 is procedurally defaulted; and (b) Ground 24 is unexhausted to the extent that the ground alleges ineffective assistance of appellate counsel. The Court reaches only the exhaustion issue in the present order, holding that Ground 24 is not completely exhausted. The Court defers consideration of the procedural-default issue until after petitioner seeks dismissal or other relief as to the unexhausted claim.

### *Background*

Petitioner Ronald Kwame Gaines challenges his 2006 Nevada state conviction, pursuant to a jury verdict, of attempted robbery and his adjudication as a habitual criminal. He challenged the state court judgment of conviction on direct appeal and in a state post-conviction petition.

Petitioner was represented at trial, on appeal, and, by different counsel, in the state post-conviction proceedings.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

In Ground 24, petitioner alleges, in part, that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because appellate counsel allegedly failed to effectively argue on appeal that a jury instruction on battery should have been given as a theory of the case instruction. See #3-2, at electronic docketing pages 47-51.

No such claim of ineffective assistance of appellate counsel was included in the fast track statement filed by petitioner's counsel on the state post-conviction appeal. See #31, Ex. 49, at 5, lines 26-27; at 8, lines 11-26. Nor was any such claim considered on the merits by the state supreme court. #31, Ex. 51.

The claim of ineffective assistance of appellate counsel in Ground 24 therefore was not fairly presented to or considered by the state supreme court on the state post-conviction appeal.

Relying on district court decisions from the 1980's, petitioner urges that he did not "deliberately bypass" state remedies. The deliberate-bypass standard – which pertained more to procedural default rather than specifically to exhaustion – was repudiated by the Supreme Court over two decades ago. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 749-51 (1991).

Petitioner additionally contends that he fairly presented the claim to the state supreme court because his *pro se* state petition was included in the appendix on the state post-conviction appeal. The Court adopts its prior discussion rejecting this contention as a basis for exhaustion in this case. See #20, at 2-3 & n.2.

To the extent that petitioner suggests that no state remedies are available to exhaust the claim, the Court adopts its prior discussion in that regard. See #20, at 5-6.

Petitioner contends that exhaustion should be excused because state post-conviction counsel did not follow his instructions and/or intentionally refused to pursue the claim on the state post-conviction appeal. Petitioner maintains that this resulted in a "conflict of interest." An alleged conflict between a petitioner and counsel as to what claims to pursue does not constitute a "conflict of interest." Post-conviction counsel was not the same counsel as counsel at trial and on direct appeal, and counsel had no conflict of interest. The Court adopts its prior discussion rejecting, *inter alia*, the proposition that state post-conviction appellate counsel was required to present every nonfrivolous issue that petitioner wanted to present. See #20, at 3-5.

Petitioner further urges that respondents' motion to dismiss should be dismissed because respondents "cited the incorrect respondent." Petitioner contends that a petition may be dismissed if the petitioner does not name the proper respondent and that equal protection demands that a motion to dismiss "citing" an improper respondent similarly must be dismissed. Petitioner apparently is referring to the reference to Brian Williams as respondent in the caption to the motion to dismiss. Petitioner initially named Williams as a respondent;

1 he later essentially sought to substitute Dwight Neven as a respondent; and the Court granted
2 that request. It appears that respondents followed a not infrequent practice of continuing the
3 original case caption in all subsequent filings regardless of changes in the parties. Petitioner's
4 argument in all events is completely frivolous. The onus is on the petitioner to name a proper
5 respondent as a prerequisite to the jurisdiction of the Court over the petition if challenged by
6 the respondents. Any *arguendo* defect in respondents' captioning of a motion to dismiss does
7 not deprive the district court of jurisdiction over any aspect of the case.

8 The remainder of petitioner's combined response (## 34 & 35) to the motion strays
9 even farther afield from the mark. Petitioner includes a lengthy discussion of exhaustion law
10 without any argument connecting the wide-ranging collection of legal principles to the present
11 case. See #34, at electronic docketing pages 12-18.

12 IT THEREFORE IS ORDERED that respondents' motion (#30) is GRANTED IN PART
13 such that the Court holds that Ground 24 is not exhausted to the extent that petitioner alleges
14 in Ground 24 that he was denied effective assistance of appellate counsel.

15 IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from entry of this
16 order within which to mail to the Clerk for filing a motion for dismissal without prejudice of the
17 entire petition, for partial dismissal only of the unexhausted claim in Ground 24 alleging
18 ineffective assistance of appellate counsel, and/or for other appropriate relief.

19 The entire petition will be dismissed without prejudice for lack of complete exhaustion
20 if a motion as provided for herein is not timely mailed for filing. The Court defers
21 consideration of the procedural-default issue until after petitioner seeks dismissal or other
22 relief as to the unexhausted claim.

23 DATED: February 7, 2013.

_____
ROGER L. HUNT
United States District Judge

-4-