# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:10-cv-01367-RLH-NJK

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on: (a) petitioner's motion (#39) for partial dismissal; (b) a previously deferred procedural default issue from respondents' motion (#30) to dismiss; and (c) petitioner's motion (#40) to expedite.

### *Partial Dismissal*

Petitioner seeks a partial dismissal of Ground 24 to the extent that he alleges therein that he was denied effective assistance of appellate counsel. The motion follows upon the Court's holding that Ground 24 is unexhausted to that extent and will be granted.

### *Procedural Default*

In the motion to dismiss, respondents additionally contended that Ground 18 is procedurally defaulted. The Court deferred ruling on this issue until after petitioner had elected which relief to request regarding the unexhausted claim in Ground 24. #38, at 4, lines 20-22.

Respondents contend in particular that federal Ground 18 is procedurally defaulted because the Supreme Court of Nevada held that the claim corresponding to Ground 18

presented on state post-conviction review was procedurally barred under N.R.S. 34.810(1)(b)(2) because the claim could have been raised on direct appeal.

In federal Ground 18, petitioner alleges, *inter alia*, that he was denied due process of law in violation of the Sixth and Fourteenth Amendments on his habitual criminal adjudication because the State allegedly failed to provide certified copies of the prior judgments of conviction and the state district court allegedly abused its discretion when it adjudicated him as a habitual criminal without such certified copies. Petitioner used a copy of the pages alleging state Ground 18 in his state post-conviction petition to allege federal Ground 18.[1]

On direct appeal, Gaines raised one issue regarding the habitual criminal adjudication. He claimed that he was denied due process of law when the district court allegedly failed to consider anything beyond his prior convictions in deciding whether to adjudicate him as a habitual criminal. Gaines presented no challenge on direct appeal either to the existence of the underlying convictions or of the sufficiency of the State's proof of the convictions. He contended exclusively that he was denied due process because the district court did not consider anything *beyond* the prior convictions in adjudicating him a habitual criminal.[2]

The Supreme Court of Nevada rejected the claim on the following grounds:

> Gaines contends that the district court improperly adjudicated him a habitual criminal based exclusively on the number of his prior convictions. Under Nevada's habitual criminal statute, however, a district court may enhance the sentence of a defendant with two prior felony convictions as long as the record indicates that the district court exercised and appreciated its discretion. Here, the district court noted on the record that it understood that its decision to sentence Gaines as a habitual criminal was discretionary despite Gaines' requisite number of prior felony convictions. Thus, we conclude that the district court did not improperly adjudicate Gaines a habitual criminal.

#31-3, at 5-6 (electronic docketing pages 60-61)(citation footnote omitted).

Thereafter, when state Ground 18, as described above, was presented on the state post-conviction appeal, the Supreme Court of Nevada held as follows:

---

[1]See #3-2, at electronic docketing pages 16-18 (handwritten pages 54-54B).

[2]#31-3, Ex. 21, at 1 & 15-17 (electronic docketing pages 9 & 23-25).

> . . . Gaines contends that the district court erred at sentencing by adjudicating him as a habitual criminal. This claim was improperly raised below. See NRS 34.810(1)(b)(2). Moreover, we previously considered and rejected this claim on direct appeal, (Gaines v. State, Docket No. 47547 (Order of Affirmance, March 5, 2008)), and the doctrine of the law of the case precludes further litigation of the issue, Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975).

#31-11, Ex. 61, at 2 (at electronic docketing page 4).

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

The Supreme Court of Nevada expressly invoked N.R.S. 34.810(1)(b)(2) as an alternative independent and adequate state law ground for rejecting the claim. Petitioner does not persuasively contend otherwise.

Petitioner's arguments in his filings (## 34 & 35) seeking to overcome the procedural default of Ground 18 are at best meritless and at worst frivolous. The record nonetheless reflects a possibly viable basis for overcoming the procedural default. Petitioner possibly may be able to demonstrate cause and prejudice based upon alleged ineffective assistance of

1  counsel on direct appeal (as opposed to on the state post-conviction appeal) in failing to raise
2  the substantive claim in Ground 18 on direct appeal.  Petitioner did in fact exhaust a separate
3  and independent claim of ineffective assistance of direct appeal counsel in failing to raise the
4  substantive claim in Ground 18 on direct appeal.[3]

5         The Court thus again will defer a final resolution of the procedural default defense
6  raised to Ground 18 until consideration of the remaining merits issues in the case following
7  the filing of an answer and copies of any additional relevant state court record materials.  In
8  the answer, as to Ground 18, respondents should address: (a) the question of whether
9  petitioner was deprived of effective assistance of counsel when counsel did not pursue the
10 substantive claim in Ground 18 on direct appeal, as to which respondents may incorporate
11 argument on related ground(s); and (b) in the alternative, the merits of Ground 18.
12 Respondents should assume *arguendo* that the two related issues potentially may be subject
13 to *de novo* review by this Court rather than the deferential standard of review under AEDPA.
14 Respondents further should assume *arguendo* that the holding in *Cullen v. Pinholster*, 131
15 S.Ct. 1388 (2011), potentially may be inapplicable to such *de novo* review.  Respondents
16 therefore should file copies of all state court record materials relevant to a *de novo* review by
17 this Court, to the extent that such materials are not already on file herein.

### *Motion to Expedite*

19        The motion to expedite will be granted to the extent that the Court will endeavor to
20 reach and decide the case as promptly as it can.  The motion will be denied to the extent that
21 petitioner effectively would seek to have his case decided before other habeas petitioners with
22 cases that have been pending longer and/or that were filed earlier.  All such petitioners allege
23 that they are being held in violation of the Constitution, and all are equally entitled to have
24 their cases decided as promptly as the Court is able.  A motion to expedite does not provide
25 the Court a basis to put one petitioner's case ahead of another petitioner's case.  Any judicial
26 delays herein are due to the handling of other habeas cases, not general civil litigation.

---

28     [3]See #31-10, Ex. 49, at 5-6 & 7-8 (at electric docketing pages 102-03 & 104-05).

In this particular case, petitioner points to the three-month delay since the filing of his motion to dismiss the unexhausted claim, which was unopposed. More was involved, however, than simply granting the motion and ordering a response on the merits. The procedural default issue from the motion to dismiss also remained for adjudication. That issue required consideration of petitioner's extensive filings presenting multiple, ultimately meritless, arguments.

The Court further has preliminarily reviewed petitioner's arguments in the motion to expedite that his habitual criminal adjudication was unconstitutional. Petitioner has not persuasively established on the face of the current record that he necessarily is being held in violation of the Constitution, such that his petition should be adjudicated prior to other petitions that have been pending longer and/or that were filed earlier. First, petitioner's arguments in the motion regarding the habitual criminal adjudication include claims and allegations that do not appear to be encompassed within any ground remaining before the Court, including in Grounds 16 through 18 pertaining to the habitual criminal adjudication. Second, the arguments in any event appear on the showing made to be of, at best, debatable merit as establishing a federal constitutional violation. Not every alleged state law error gives rise to a due process violation. The Court defers definitive consideration of the claims in the grounds that do remain until consideration of a final order on the merits.

IT THEREFORE IS ORDERED petitioner's motion (#39) for partial dismissal is GRANTED and Ground 24 is DISMISSED in part to the extent that the ground claims ineffective assistance of appellate counsel.

IT FURTHER IS ORDERED that the Court defers a final resolution of the procedural default defense raised as to Ground 18 until consideration of the remaining merits issues in the case following the filing of an answer.

IT FURTHER IS ORDERED that petitioner's motion (#40) to expedite is GRANTED IN PART and DENIED IN PART, such that the Court will endeavor to reach and decide the case as promptly as it can but this case will not be moved ahead of other habeas matters that have been pending longer and/or that were filed earlier.

1     IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, respondents shall file an answer to the remaining grounds in the petition.  In responding to Ground 18, respondents shall comply with the directives set forth herein, at page 4, lines 7-17.

    IT FURTHER IS ORDERED, so that the petitioner's allegations of falsified state court records may be resolved conclusively, respondents shall file with the answer supplemental exhibits with <u>certified</u> copies of the following state court record filings, *in their entirety with all attachments with the filing in the state court record*, designated in the supplemental exhibits with an "A" suffix for previously-filed records (e.g., "Exhibit 3-A"): (a) Exhibits 3, 4, 9 and 14; (b) any other state court records from the time of the habitual criminal adjudication bearing on the relevant content of the state court record when petitioner was adjudicated a habitual criminal; and (c) as additional separate exhibits, certified copies of the prior Eighth Judicial District Court judgments of conviction, as amended where relevant at the time, in Nos. C102931, C154550, and C198972, reflecting what would have been available from the clerk of the same court that adjudicated petitioner as a habitual criminal if the authenticity of the judgments relied upon at the adjudication had been challenged.

    IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer within which to file a reply.

    **IT FURTHER IS ORDERED that no extensions of the deadlines established herein will be considered except in the most extraordinary circumstances.  Requests for extensions of time based upon scheduling conflicts between the demands of cases in this District should be sought in the later-filed case.**

    DATED: May 28, 2013

_____
ROGER L. HUNT
United States District Judge