UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD KWAME GAINES,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:10-cv-01367-RLH-NJK

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#48) to alter or amend judgment under Rule 59(e). The motion was filed within the time period provided for under Rule 59.

### *Background*

Petitioner Ronald Kwame Gaines challenged his 2006 Nevada state conviction, pursuant to a jury verdict, of attempted robbery and his adjudication as a habitual criminal, in connection with a December 23, 2005, attempted robbery. He challenged the state court judgment of conviction on direct appeal and in a state post-conviction petition. In its final decision, the Court denied the claims remaining in Grounds 11, 16, 17 and 24 on the merits and Ground 18 on the basis of procedural default.

### *Discussion*

#### *Ground 11*

In Ground 11, petitioner alleged that he was denied effective assistance of appellate counsel when counsel failed to raise a claim of alleged prosecutorial misconduct on direct

1 appeal. Petitioner alleged that the prosecutor engaged in misconduct during oral argument
2 when he referred to Gaines needing his "next fix," suggesting that he was a drug addict with
3 allegedly no supporting evidence in the record. Petitioner alleged that trial counsel objected
4 to the argument at his urging but that counsel thereafter either failed or refused to pursue the
5 issue on direct appeal.

6       The state supreme court held that the state district court did not err in rejecting
7 petitioner's claims of ineffective assistance of appellate counsel on the premise that the
8 claims did not have a reasonable probability of success on appeal.

9       This Court held, following an extensive review of the relevant procedural history and
10 trial evidence, that the state supreme court's rejection of this claim was neither contrary to nor
11 an unreasonable application of clearly established federal law. #46, at 4-11.

12       The Court noted, *inter alia*, that the state supreme court's necessary conclusion that
13 there was not a reasonable probability of reversal under Nevada state law was the end of the
14 matter with respect to that subsidiary issue. The Supreme Court of Nevada is the final arbiter
15 of Nevada state law.

16       The Court held that the state supreme court's determination that there was not a
17 reasonable probability of reversal also was not an objectively unreasonable application of the
18 broad generalized principle of federal due process:

19       In this case, the state supreme court's conclusion that a
20 constitutional claim of prosecutorial misconduct would not have
had a reasonable probability of success on appeal did not
21 constitute an objectively unreasonable application of the broad
principle of due process on the underlying substantive claim. The
22 testimony at trial in fact did not distinguish between whether
Gaines appeared intoxicated from drugs or instead from alcohol.
23 The inference that the prosecutor sought to draw from the
evidence -- that he was intoxicated on drugs in an area with high
24 drug use where he had been hustling for money during the course
of the day – was neither compelled by nor refuted by the
25 evidence. Moreover, defense counsel was able to turn the State's
argument back against the State by maintaining that the allegedly
26 unsupported reference to drug use reflected that the State was
having to desperately clutch at straws due to having a weak case.
27 Both defense counsel's objection and his closing argument
apparently had some impact, as the State thereafter backtracked
28 and conceded that there was no direct evidence of drug
intoxication per se. In light of this give-and-take over the course

-2-

> of the entirety of the closing arguments and the actual strength of the evidence against petitioner, a conclusion that there was not a reasonable probability of success on the underlying constitutional claim on a direct appeal was not an unreasonable application of clearly established federal law.

#46, at 11.

In the present motion, petitioner urges, first, that the state district judge failed to rule clearly on trial counsel's objection to the prosecutor's argument and that this Court did not mention this "misfact." He contends that appellate counsel was ineffective for failing to raise the purported issue that the misconduct was never cured by the trial judge and that the judge failed to give the jury an immediate curative admonishment. He relies upon federal appellate decisions from federal criminal cases, which of course are not controlling on deferential AEDPA review.

This Court directly quoted from the state court record the objection, the response, and the trial court's following remark. #46, at 7. It missed no – relevant – fact. The Court had no occasion to explicitly discuss an alleged failure to raise an issue on appeal that the trial court allegedly failed to adequately rule on the objection and cure the prosecutorial misconduct because there was no such viable claim separate and apart from an appellate claim regarding the alleged prosecutorial misconduct itself. A conclusion that there was not a reasonable probability of success on appeal on the claim of alleged prosecutorial misconduct negated any viable argument for reversal based upon a failure to explicitly rule on the objection or adequately cure the alleged misconduct. There must be misconduct before there possibly need be a cure, and the conclusion that there was not a reasonable probability of success on appeal on the misconduct issue wholly undercuts the entirety of Ground 11. It was not ineffective assistance of appellate counsel to decline to raise the underlying substantive claim on direct appeal, in all of its baseless intricacy.

Petitioner next urges that when the Court "explained" why the prosecution may have made her statement "[t]his now has opened the doorway to Gaines to now say the prosecutor's remarks were of her personal belief." Nothing in this Court's decision "opens the door" for petitioner to raise claims in a motion for reconsideration that were not before the

1 Court at the time of its final decision, much less additional baseless claims. The Court
2 described the evidence that was in the trial record when the prosecutor made the argument
3 to which defense counsel objected. See #46, at 4-8. A ruling on a claim presented on the
4 pleadings does not open the door for a party to thereafter start presenting additional claims
5 after final judgment.

6 Petitioner further maintains that the evidence against him was not overwhelming and
7 that he was told by counsel not to testify. He points to the Court's recognition in the order of
8 dismissal that the victim likely was with a prostitute. He urges that "this may have led the
9 alleged victim to throw blame on Gaines as attempting to rob him in order to get the fact of
10 (him) himself breaking the law [sic]." Petitioner is rehashing old news. As this Court noted
11 in its extensive factual recital, the victim acknowledged at trial – before the jury – that his
12 newfound female friend likely was a prostitute. #46 at 4 n.2. This testimony was in the record
13 before the state courts and was explicitly noted by this Court in the order of dismissal. This
14 Court did not say that the evidence against petitioner at trial was overwhelming. It stated that
15 in light of, *inter alia*, "the actual strength of the evidence against petitioner, a conclusion that
16 there was not a reasonable probability of success on the underlying constitutional claim on
17 a direct appeal was not an unreasonable application of clearly established federal law." #46,
18 at 11. Rehashing the trial evidence – as to evidence explicitly acknowledged by the Court in
19 its prior order – does not provide a basis for post-judgment relief. Further, no claim is before
20 the Court with regard to petitioner's decision not to testify and/or what counsel recommended
21 that he do in that regard.[1]

22 Finally with respect to Ground 11, the Court expressly noted in the dismissal order that
23 "[d]efense counsel's testimony acknowledging sundry points at the state court evidentiary

---

[1] Petitioner was extensively canvassed on the record by the trial court regarding his decision. #31, Ex. 6, at 58-61. If petitioner instead had decided to testify, the State would have been able to establish before the jury that Gaines previously had been convicted for battery with the use of a deadly weapon, robbery, and attempt robbery. Given petitioner's prior record – including on a charge not wholly dissimilar to the charge in this case – and given the degree of insight that petitioner has displayed in this matter, the Court would be hard pressed to conclude that any advice to him to not testify would have been poor advice.

1 hearing also did not dictate a grant of either state or federal postconviction relief." #46, at 29
2 n.34.  The case was decided on what the record showed, not based upon any alleged
3 admission of error by former defense counsl.  *See also Harrington v. Richter*, 131 S.Ct. 770,
4 790 (2011)(*Strickland* calls for an inquiry into the objective reasonableness of counsel's
5 performance, not counsel's subjective state of mind).

***Grounds 16, 17 and 18***

Grounds 16 through 18 all concerned the habitual criminal adjudication and thus were discussed together. The three claims proceeded from, *inter alia*, a common factual premise that the State failed to file certified copies of the prior judgments of conviction upon which the habitual criminal adjudication was based. Petitioner presented a procedurally-defaulted substantive claim in Ground 18 based upon an alleged failure to file the underlying prior convictions. He further presented associated claims of ineffective assistance of trial counsel, in Ground 17, and of appellate counsel, in Ground 16, for failing to pursue the substantive claim in Ground 18.  Petitioner needed to demonstrate ineffective assistance of appellate counsel in Ground 16 in order to establish cause and prejudice to overcome the procedural default of the underlying substantive claim in Ground 18.

All three of the prior convictions were from the same Clark County state district court in which petitioner was tried, convicted and sentenced in this case.  In the dismissal order, the Court extensively reviewed the procedural history reflecting that the defense in the Clark County prosecution had actual factual notice that the State intended to use the three Clark County convictions in support of the habitual criminal adjudication, that the three Clark County convictions in fact existed and were part of the record in the Clark County prosecution, and that the three Clark County convictions in any event would have been readily available by, *inter alia*, simple judicial notice by the very same Clark County court that issued the convictions if defense counsel had raised a completely pointless contemporaneous objection challenging their authenticity or manner of proof.   See #46, at 12-21.

Petitioner, first, on a related additional claim, yet again provides extended argument regarding the specifics of the documents filed by the State to pursue the habitual criminal

adjudication. The Court specifically discussed petitioner's argument that the State failed to use the correct paperwork to seek a habitual criminal adjudication:

> Petitioner additionally alleges, to one extent or another, in Grounds 16 and 17 that appellate and trial counsel were ineffective for failing to challenge the habitual criminal adjudication for lack of adequate notice. This claim has even less of a factual and legal basis than the claim discussed in the text. Petitioner proceeds on the premise that the habitual criminal adjudication was subject to reversal because the State filed a notice of intent to seek habitual criminal treatment rather than an amended information with a habitual criminal count. He cites no apposite Nevada case law reversing based upon such an *arguendo* technical state law violation in a circumstance where the defendant clearly was on notice of the State's intent to seek habitual criminal treatment. In Gaines' case, the state supreme court's holding that there was not a reasonable probability of a different outcome on appeal based upon any such *arguendo* technical state law violation is the final word on that issue. The Supreme Court of Nevada is the final arbiter of Nevada state law, to the extent relevant to application of the *Strickland* standard to a claim. The state high court further held in a related proceeding that no such *arguendo* technical error deprived the district court of jurisdiction under Nevada state law. #31, Ex. 62. *See also Barren v. State*, 2009 WL 3191407, slip op., at *3 (Nev. 2009)(in an unpublished disposition, the state supreme court rejected a claim of ineffective assistance of appellate counsel premised on a contention that the state district court was without jurisdiction after the State filed a notice of intent rather than an amended information). Moreover, there clearly was no basis for a viable federal procedural due process claim on the facts presented. Petitioner had abundant actual notice both that the State was seeking habitual criminal treatment and that it was relying on his prior Clark County convictions. Even if petitioner *arguendo* were able to establish a technical state law error, a mere state law error does not give rise to a federal due process claim in this context. The Due Process Clause does not constitutionalize every jot and tittle of state criminal practice. The decision in *Walker v. Deeds*, 50 F.3d 670 (9th Cir. 1995), is not to the contrary, as it pertains to required findings, not to adequacy of notice.

#46, at 20-21 n.28.

As noted, petitioner continues to quibble with the Court's characterization of what papers were filed by the State. Petitioner misses the point. The state supreme court held that there was not a reasonable probability that an objection in this regard would have led to a different outcome at the sentencing or on appeal. That is the end of the matter with regard to the underlying state law issue because the Supreme Court of Nevada is the final arbiter of Nevada state law. If petitioner has a different understanding of the underlying Nevada state

law – or of the effect of an *arguendo* alleged state law error in this regard – than did the state supreme court, that will not secure him relief on federal habeas review. Moreover, as this Court noted, the Due Process Clause otherwise does not constitutionalize every jot and tittle of state criminal practice. The *Walker* decision does not establish to the contrary. Further, *Walker* is a federal appellate decision, not a decision of the United States Supreme Court. The Supreme Court of Nevada was not bound by *Walker* in considering whether there was a reasonable probability of success on the underlying constitutional claim.

This Court fully understood the basis for petitioner's claims in this regard – that trial and appellate counsel failed to raise an issue regarding the State's alleged failure to file the correct paperwork to seek a habitual criminal adjudication. The Court simply rejected petitioner's claims under well-established principles of deferential review under AEDPA. The state supreme court's determination that there was not a reasonable probability of a different outcome if counsel had raised the alleged error at sentencing or on appeal was neither contrary to nor an objectively unreasonable application of clearly established federal law as determined by the United States Supreme Court.[2]

Petitioner next urges that federal habeas counsel should be appointed because the Court is relying on the respondents' word that the three Clark County judgments of conviction were in the evidence vault. The Court's dismissal order was not based upon any bare assertion by respondents. #46, at 16-17 & n.25, 18 & 21 n.29. Moreover, the actual existence and presence of the prior judgments of conviction was only one of multiple independently viable bases for rejecting petitioner's claims. #46, at 17-21. Over and above the existing state

---

[2] Defense counsel's recollection – or lack thereof – later at the state post-conviction evidentiary hearing as to what was in the record at the time, what he did or did not look for, and whether he would have had a tactical reason for not looking does not establish that the state courts' rejection of these grounds was an objectively unreasonable application of *Strickland*. The prior discussion in the dismissal order instead addressed what was material to consideration of the claim on federal habeas review. The Court has not overlooked anything in the state court record material to the claim. The Court alluded to all of the immaterial points relied upon by petitioner in its concluding footnote in the dismissal order. See #46, at 29 n.34. After twenty-nine pages of written reasons, the Court saw no utility to further expressly running down every additional rabbit hole as to the numerous question-begging subsidiary arguments presented by petitioner – including those based upon supposed concessions by trial counsel at the state post-conviction evidentiary hearing.

1 court record materials fully supporting the state court factual finding that the convictions
2 existed and were properly of record in the proceeding, this Court additionally had the
3 respondents file copies of the judgments of conviction certified by the state district court clerk.
4 The Court did so because of petitioner's repeated baseless assertions that the convictions
5 did not exist and/or were not properly presented to the state district court for the habitual
6 criminal adjudication. Petitioner's continuing bare assertion that the prior Clark County
7 convictions were not adequately of record for the Clark County criminal adjudication – despite
8 the state court factual finding and record to the contrary – does not remotely justify appointing
9 federal habeas counsel to pursue a fool's errand.

Petitioner next maintains that the Court engaged in speculation when it stated the following:

> Fourth, even if this Court were to assume, *arguendo*, that the state court record at the time of the habitual criminal adjudication was deficient for lack of certified copies of the judgments of conviction, Gaines indisputably cannot demonstrate a reasonable probability that a contemporaneous objection by trial counsel would have changed the outcome in the state proceedings. The salient point here is that all of the prior convictions were Nevada convictions from the same state district court that was conducting the habitual criminal adjudication. The situation thus was wholly unlike one involving prior out-of-state convictions. With an out-of-state conviction, the State would have been unable to immediately rectify any *arguendo* deficiency in the proof of the convictions. In contrast, with Nevada convictions from the Eighth Judicial District Court, the State would have needed – if there were a deficiency in the first instance – only to have the clerk of that court, with a deputy clerk available in the courtroom, certify that the judgments of conviction were true and authentic. Thus, even if there had been a defect in the technical manner of proof of the convictions and a contemporaneous challenge had been raised on that basis, the *arguendo* defect would have been subject to immediate remediation by the State – further assuming, *arguendo*, that the state district court did not simply take judicial notice of its own prior suit records.
>
> In this regard, petitioner urges that a contemporaneous objection would have preserved a viable claim of error for appeal that would have resulted in his sentence being vacated and a remand for resentencing. Petitioner fails to apprehend the practical focus of the *Strickland* prejudice inquiry. There is not a reasonable probability that any such *arguendo* deficiency would have survived to a direct appeal in the first place. Trial counsel did not object to the prior convictions or their manner of proof at the proceeding because there was absolutely no question that the

>prior convictions existed and no question that the convictions provided a valid basis for a habitual criminal adjudication. Any identification of any purported technical deficiency in the State's manner of presenting the prior convictions – from the very same court and as to which there was no true question as to either their existence or validity – simply would have resulted in immediate remediation of the alleged technical deficiency. Petitioner's bare speculation that an objection to the manner of proof would have been ignored, in a situation involving prior convictions from the same court subject to ready and immediate proof in that court, and thereby lead to a viable appeal claim does not establish prejudice under *Strickland*. An *arguendo* failure to raise an essentially pointless technical objection capable of immediate remediation does not constitute ineffective assistance of counsel under the *Strickland* standard. The Sixth Amendment's requirement of effective assistance of counsel instead is directed to matters of substance that result in prejudice.

#46, at 18-20.

Petitioner urges that the Court's discussion was based upon speculation because the judge was not mandated to sentence him as a habitual criminal. Petitioner thus necessarily posits that if counsel had objected to the adequacy of the proof of the judgments of conviction and the clerk then had certified copies of the judgments for the record, the same sentencing judge that in fact adjudicated him a habitual criminal – relying on, *inter alia,* exactly the same prior criminal history – then reasonably probably would have not adjudicated him a habitual criminal. That is what petitioner must demonstrate to overturn the adjudication under *Strickland*; and petitioner, not this Court, had the burden of proof on his claims. Petitioner's bare supposition not only is based on unbridled speculation – it flies in the face of reality. The *Strickland* prejudice standard is intended to eliminate precisely this sort of claim that has no basis in remote possibility, much less reasonable probability.

***Ground 24***

In the portion of Ground 24 that remained,[3] petitioner alleged that he was denied effective assistance when trial counsel failed to request an instruction on the offense of battery as a "theory of defense" instruction rather than requesting such an instruction as a

---

[3] Petitioner dismissed the claim of ineffective assistance of appellate counsel in federal Ground 24 after the Court held that the claim was unexhausted. See ## 38 & 41.

lesser included or related offense. Petitioner maintained that this would have allowed him to argue a "theory of defense" that he committed only battery in a fight with the victim rather than an attempted robbery, on the premise that he did not attempt to take the victim's wallet. He contended that had trial counsel requested the instruction as a "theory of defense" instruction, the state supreme court would have reversed for a failure to give the instruction.

The Court is not persuaded by petitioner's contention, yet again, that it misunderstood petitioner's claim. The Court understood the claim and properly denied it on deferential review in extensive reasons. See #46, at 21-25.

Petitioner's relies upon decisions from federal criminal cases regarding theory-of-defense instructions. These decisions were not binding on the Supreme Court of Nevada when it rejected petitioner's claim. The state supreme court was bound neither by federal appellate decisions nor by even Supreme Court decisions that applied non-constitutional law in federal criminal proceedings, such as *Matthews v. United States*, 485 U.S. 58 (1988). Nor was the state supreme court bound by circuit decisions decided under pre-AEDPA law, such as *Conde v. Henry*, 198 F.3d 734 (9th Cir. 1999).

To the extent that Gaines disagrees with the state supreme court's resolution of the underlying Nevada state law issues, that, again, does not provide a basis for federal habeas relief. The Supreme Court of Nevada is the final arbiter of Nevada state law, and if it rules adversely to petitioner on an underlying state law issue, that is the end of that matter. Petitioner contends that this Court should override the state supreme court's construction of N.R.S. 175.161(3) and instead apply the provision allegedly consistently with case law regarding theory-of-defense instructions in federal criminal cases. That is a losing argument. The state court's ruling as to the application of N.R.S. 175.161(3) is the final word on that matter.

Finally, once again, counsel's alleged concessions years later at a state post-conviction evidentiary hearing do not carry the day for petitioner on the claim. *Richter, supra.*

Following review of the present motion, the Court is even more firmly convinced that petitioner's claims were correctly rejected and that he presents no COA-worthy issue.

IT THEREFORE IS ORDERED that petitioner's motion (#48) to alter or amend judgment is DENIED.

IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED as to the denial of petitioner's motion for Rule 59 relief. See also #46, at 25-29 (assigned reasons in the dismissal order for denying a certificate of appealability).

DATED: April 1, 2014.

_____
ROGER L. HUNT
United States District Judge